# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30579
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR BARRIOS-PATINO, also known as Hector Enrique Barrios,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-59-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Hector Barrios-Patino pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced Barrios-Patino at the top of the guidelines range to 21 months of imprisonment followed by 1 year of supervised release. Barrios-Patino filed a timely notice of appeal, and he argues that his within-guidelines sentence of 21 months is substantively unreasonable because it was based on an improper

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30579

factor—his prior DWI convictions.  He further argues that the district court committed clear error in balancing the sentencing factors because it gave unreasonable weight to Barrios-Patino's prior DWI convictions.

Barrios-Patino concedes that he did not object to the substantive reasonableness of his sentence.  Accordingly, review is for plain error.[1] *United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009).

This court has recognized that a defendant's prior criminal conduct is relevant to sentencing under the guidelines provided that such conduct is directly relevant to the crime committed.  *United States v. Chandler*, 732 F.3d 434, 438 (5th Cir. 2013).  Barrios-Patino's criminal history reflects a decade-long pattern of entering the country illegally, driving while intoxicated, serving prison time for driving drunk, and being administratively removed from the United States.  The district court acknowledged this pattern at sentencing and based Barrios-Patino's sentence on "his repeated offenses of both reentry and his other conduct of repeatedly driving while intoxicated."  Barrios-Patino has failed to show that the district court committed plain error in its consideration of his criminal history.  *See Whitelaw*, 580 F.3d at 260.

Further, the record reflects that the district court considered all of the 18 U.S.C. § 3553(a) factors before imposing a sentence at the top of the guidelines range.  The court explained that Barrios-Patino's criminal history, which included five DWI convictions; the need to protect the public; and the need to deter criminal conduct weighed against a lesser sentence.  It was proper for the court to consider the nature of Barrios-Patino's criminal history, *see Chandler*, 732 F.3d at 438, and the record does not support Barrios-Patino's

---

[1] Barrios-Patino concedes that circuit precedent requires an objection to preserve the substantive reasonableness of a sentence for review, but he raises the issue to preserve it for further review.

No. 17-30579

claim that the court over-relied on this factor to the exclusion of the other sentencing factors.

The judgment of the district court is AFFIRMED.